UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS, )     Index No.: 07-CIV-6284 (KMK)
                                 )
                 Plaintiffs, )     AFFIDAVIT FOR JUDGMENT
      -against- )     BY DEFAULT
                                   )
JOINT VENTURE FINISHING CORP., )
                                   )
                 Defendant. )
                                   )

---

STATE OF NEW YORK        )
                           ) ss.:
COUNTY OF WESTCHESTER  )

Dana L. Henke, being duly sworn, deposes and says:

1. I am a member of the bar of this Court and am associated with the firm Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC as the attorneys of record for the Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds (hereinafter referred to as the "Funds") in the above-entitled action. I am fully familiar with the facts set forth herein, and I submit this Affidavit in support of plaintiffs' entry of Default and Judgment.

2. Plaintiffs' Funds are jointly administered, multi-employer, labor management employee benefit trust funds established and maintained pursuant to the terms of various collective bargaining agreements and the Labor Management Relations Act of 1947 ("Taft-Hartley Act").

3. Defendant, Joint Venture Finishing Corp. (hereinafter referred to as "Employer") is an Employer within the meaning of Section 3(5) and 515 of ERISA, 29 U.S.C. Section 1002(5) and 1145, and an Employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act, 29 U.S.C. Section 185.

4. This is an action to recover certain delinquent benefit fund contributions owed to the Funds by the Employer pursuant to a Collective Bargaining Agreement (hereinafter referred to as the "C.B.A.") between the District Council 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and the Employer. This action was also brought by plaintiffs to require the Employer to permit and cooperate in the conduct of an Audit.

5. This action was commenced on July 9, 2007 by the filing of a summons and complaint. The summons and complaint was served upon the Employer on July 13, 2007 via New York's Secretary of State.

6. The Proof of Service was filed with the Clerk of this Honorable Court on July 26, 2007. Copies of the summons, complaint, and proof of service thereof are annexed hereto collectively as Exhibit "A".

7. The Employer has failed to answer, appear or otherwise defend in this action within the time period permitted by law.

8. As set forth in the complaint, jurisdiction of the subject matter is premised upon Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended "ERISA" (29 U.S.C. Sections 1132 and 1145) and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. Section 185).

9. The Employer as party to the C.B.A. is required to remit to the plaintiffs' Funds benefit contributions and reports in a timely fashion. If the Employer fails to remit the contributions, then the Employer is liable for the additional amount of statutory damages, together with attorneys' fees, auditors' fees, interest on the unpaid principal assessed at the prime rate plus 2% from the date the

contributions were due to the date of the audit findings, liquidated damages equivalent to 10% of the total amount of contributions, costs and disbursements incurred in the action pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA, 29 U.S.C. Section 1132.

10. The Employer as party to the C.B.A. is also required to permit and cooperate with the Funds and or designated agents or representatives in an audit of the Employer's books and records for the purpose of ascertaining the amount of fringe benefits contributions due the Funds and verifying the accuracy of the Employer reports.

11. The Employer has failed and refused to submit benefit contributions found due pursuant to an audit of the Employer's books and records for the period April 11, 2006 through December 31, 2006 in the principal sum of $2,617.23. A copy of the results of the audit are attached hereto as Exhibit "B".

12. The defendant has also failed and refused to permit an audit for the period January 1, 2007 through to present and is liable for any delinquency contributions determined by a future audit together with the additional attorneys' fees, auditors' fees, interest on the unpaid principal and liquidated damages pursuant to the terms of the C.B.A. and in accordance with Section 502 of ERISA 29 U.S.C. Section 1132. A copy of the requests for an audit is attached hereto as Exhibit "C".

13. The amounts set forth in the Statement of Damages are justly due and owing and no part thereof have been paid to the Funds. The amount of costs set forth therein consists of the following items and amounts.

| | |
|---|---|
| (a) Filing Fee paid to the Clerk of the Court of the S.D.N.Y. | $350.00 |
| (b) Statutory fee paid to the NYS Secretary of State in connection with service upon the Employer | $ 40.00 |
| Total: | $390.00 |

14. Upon information and belief, there is no just reason for delay of entry of a judgment against the Employer.

15. Your affirmant was admitted to this Court in 1990, and I have been prosecuting actions for the recovery of employee benefits on behalf of various union trust funds for more than ten (10) years. During the course of this case, I acted as lead counsel with the assistance of my paralegal with court filings. The customary rate for an associate attorney in our firm is $250.00 per hour and $100.00 for paralegals. The attorneys' fees sought on this application are 7 hours @ $250.00 per hour = $1,750.00 and 2.5 hours @ $100 per hour = $250.00. This rate and fee are reasonable and justified given the circumstances of this matter.

16. It is my opinion and belief, based upon my years in practice in the State of New York and my experience in litigation involving benefit fund contribution obligations that $2,000.00 represents fair and reasonable value of the attorneys' services and is equal to or less than the usual fee charged by attorneys for comparable services in the United States District Court, S.D.N.Y. Additionally, it is my professional opinion that all fees represent services that were necessary to secure the result obtained.

17. A summary of the total hours spent on various tasks by your affirmant and paralegal are as follows:

| June 12, 2007 | Prepared and sent demand letter to the defendant | 0.5 hours |
|---|---|---|
| July 9, 2007 | Reviewed client statements and prepared complaint | 2.5 hours |
| | Prepared and filed civil cover sheet, summons, and rule 7.1 statement | 2.0 hours |
| July 26, 2007 | Filed affidavit of service | 0.5 hours |
| September 13, 2007 | Prepared and filed order to show case, affidavit of default, statement of damages, clerk's certificate, request for entry of judgment, certificate of service and default judgment | 4.0 hours |
| | | 9.5 hours |

18. As a result of defendant's default, in addition to the principal of $2,617.23 for the period April 11, 2006 through December 31, 2006, plaintiffs are entitled to damages as follows:

(a) $242.09 in interest calculated at 2% above prime per annum through to March 5, 2007; $261.73 in liquidated damages calculated at 10% of the principal; $2,000.00 in attorneys' fees; $2,050.00 in auditors' fees and court costs and disbursements in the amount of $390.00 pursuant to the collective bargaining agreement and in accordance with Section 502 (g)(2)(D) of ERISA 29 U.S.C. 1132 (g)(2)(D)).

(b) An order for an audit at the defendant's office located at 912 College Point Boulevard, College Point, NY 11356 of defendant's payroll books and records (including but not limited to payroll taxes, payroll earnings, records, stamps receipts, cash disbursements, tax forms, journals) for the period January 1, 2007 through to present.

(c) Judgments for any unpaid contributions owed for the period January 1, 2007 through to present, including liquidated damages calculated at 10% of the principal amount due, interest at a rate of 2% of the principal amount due, attorneys' fees, auditors' fees, court costs and disbursements.

**WHEREFORE,** plaintiffs request the entry of default and entry of judgment for contributions, interest, liquidated damages, attorneys' fees, auditors' fees and court costs and disbursements in the amount of $7,561.05 and an Order directing defendant to permit and cooperate in the conduct of an audit of defendant's payroll books and records for the period January 1, 2007 through to present and permitting plaintiffs to amend this judgment to include the additional amounts

determined by the aforesaid audit to be due and owing, together with the interest, liquidated damages,

further audit costs and attorneys' fees and costs upon fifteen (15) days written notice to defendant.

Dated:  Elmsford, New York
        September 13, 2007

Dana L. Henke, Esq. (DLH3025)
BARNES, IACCARINO, VIRGINIA
AMBINDER & SHEPHERD, PLLC
258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515

Sworn to before me this
13th day of September, 2007

Notary Public

CHRISTIE S. ROOS
Notary Public, State of New York
No. 01RO6014276
Qualified in Westchester County
Commission Expires October 5, 2010

# EXHIBIT A

# AFFIDAVIT OF SERVICE THROUGH THE SECRETARY OF STATE

Index #  07CIV6284                                            Purchased/Filed: July 9, 2007

STATE OF NEW YORK        UNITED STATES DISTRICT COURT            SOUTHERN DISTRICT

---

Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds,            Plaintiff

against

Joint Venture Finishing Corp.                                                              Defendant

RECEIVED JUL 26 2007 USDC-WP-SDNY

STATE OF NEW YORK
COUNTY OF ALBANY          SS.:

_____ Lewis Sperber _____ , being duly sworn, deposes and says: deponent is over
the age of eighteen (18) years; that on _____ July 13, 2007 _____ , at _2:00 pm_ , at the office of the
Secretary of State of the State of New York in the City of Albany, New York deponent served the annexed

Summons in a Civil Action, Rule 7.1 and Complaint

on

_____ Joint Venture Finishing Corp. _____ , the
Defendant in this action, by delivering to and leaving with _____ Charee Hendricks _____ ,
AUTHORIZED AGENT in the Office of the Secretary of State, of the State of New York, personally at the
Office of the Secretary of State of the State of New York, ___2___ true copies thereof and that at the time
of making such service, deponent paid said Secretary of State a fee of ___40___ dollars; That said service
was made pursuant to Section _306 Business Corporation Law_ .

Deponent further says that deponent knew the person so served as aforesaid to be the agent in the Office
of the Secretary of State of the State of New York, duly authorized to accept such service on behalf of said
defendant.

Description of the person served: Approx. Age: ___43___   Approx. Wt: ___175___   Approx. Ht: _5'10"_
Color of skin: __Black__   Hair color: __Black__   Sex: _F_   Other: _____

Sworn to before me on this

_17th_ day of _____ July, 2007 _____

DONNA M. TIDINGS
NOTARY PUBLIC, State of New York
No. 01TI4898570, Qualified in Albany County
Commission Expires June 15, 2011

Lewis Sperber

Invoice•Work Order # SP0706022

*SERVICO, INC. - PO BOX 871 - ALBANY, NEW YORK 12201 - PH 518-463-4179*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING
INDUSTRY INSURANCE AND ANNUITY FUNDS,

Index No.:

Plaintiffs,

**SUMMONS IN A CIVIL ACTION**

-against-

JOINT VENTURE FINISHING CORP.

Defendant.

# 07 CIV. 6284

-------------------------------------------------------------------x

**TO:**   JOINT VENTURE FINISHING CORP.
912 COLLEGE POINT BOULEVARD
COLLEGE POINT, NY 11356

# WP4

   **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of the Southern District Court and serve upon

**PLAINTIFF'S ATTORNEY:**
BARNES, IACCARINO, VIRGINIA, AMBINDER & SHEPHERD, PLLC
258 SAW MILL RIVER ROAD
ELMSFORD, NY 10523

an answer to the complaint which is herewith served upon you, within **20** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

**J. MICHAEL McMAHON**
CLERK

BY DEPUTY CLERK

JUL - 9 2007
DATE



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FILED

TRUSTEES OF THE DISTRICT COUNCIL 9 PAINTING )
INDUSTRY INSURANCE AND ANNUITY FUNDS,        )      Index No.:      JUL - 9 2007
                                             )                      USDC WP SDNY
                        Plaintiffs,          )      COMPLAINT
                                             )
        -against-                            )      07 CIV. 6284
                                             )
JOINT VENTURE FINISHING CORP.,               )
                                             )
                        Defendant.           )      WP4

        Plaintiffs, Trustees of the District Council 9 Painting Industry Insurance and Annuity Funds

(hereinafter referred to as the "Funds") by their attorneys Barnes, Iaccarino, Virginia, Ambinder &

Shepherd, PLLC allege as follows:

### JURISDICTION AND VENUE

        1.  This civil action is based on the provisions of Section 301 of the Labor Management Relations

Act of 1947 (hereinafter referred to as the "Taft-Hartley Act") 29 U.S.C. Section 185, and on Section

502(a)(3) and Section 515 of the Employee Retirement Income Security Act, as amended (hereinafter

referred to as "ERISA") (29 U.S.C. Section 1132(a)(3) and 29 U.S.C. 1145).

        2.  Jurisdiction is conferred upon this Court by Section 301 of the Taft-Hartley Act (29 U.S.C.

Section 185) and Sections 502(e)(1) and 502(f) of E RISA (29 U.S.C. Sections 1132(e)(1) and 1132(f));

and derivative jurisdiction is contained in 28 U.S.C. Sections 1331 and 1337.

        3.  Venue properly lies in this District under the provisions of 502(e)(2) of ERISA (29 U.S.C.

Section 1132(e)(2)) and Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) and 28 U.S.C.

Section 1391(b).

4. This action is brought by the respective Trustees of the Funds in their fiduciary capacities for injunctive relief, monetary damages and other equitable relief under ERISA and for breach of a labor contract to secure performance by an Employer of specific statutory and contractual obligations to submit the required monetary contributions, dues check-off, and/or reports to the Plaintiffs in a timely fashion.

## PARTIES

5. The Plaintiff Trustees are, at all relevant times, the fiduciaries of jointly administered multi-employer, labor management trust funds as defined by Section 3(21)(A) and Section 502(a)(3) of ERISA (29 U.S.C. Sections 1002(21)(A) and 1132(a)(3)). The Funds are established and maintained by the D.C. 9 International Union of Painters and Allied Trades (hereinafter referred to as the "Union") and various Employers pursuant to the terms of the Trade Agreements and Trust Indentures in accordance with Section 302(c)(5)(1) of the Taft-Hartley Act (29 U.S.C. Section 186 (c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(1), 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. Sections 1002 3(1), 3(2), 3(3) and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. Sections 1002(37) and 1145). Plaintiffs are Trustees of the Funds and the "plan sponsor" within the meaning of Section (3)(16)(B)(iii) of ERISA (29 U.S.C. Section 1002(16)(B)(iii)).

6. The Funds provide fringe benefits to eligible employees, retirees and their dependents on whose behalf the Employer is required to contribute to the Funds pursuant to its Trade Agreement (hereinafter referred to as the "Agreement") between the Employer and the Union. The Funds are authorized to collect contributions on behalf of the employees from the Employers, and the Plaintiff Trustees as fiduciaries of the Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. Section 1132(d)(1)) and are obligated to bring actions to enforce the provisions of the Trade Agreement and Trust Indentures that concern the protection of employee benefit rights.

7. The Funds' maintain an office for the transaction of business at 14 Saw Mill River Road, Hawthorne, NY, 10532, in the County of Westchester.

8. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. Section 142), and Section 3(4) of ERISA (29 U.S.C. Section 1002(4)), and as further defined in Section 12 of the General Associations Law of the State of New York.

9. The Union maintains an office and is administered at 14 Saw Mill River Road, Hawthorne, NY 10532, in the County of Westchester.

10. Upon information and belief, the Defendant, Joint Venture Finishing Corp. (hereinafter referred to as "the Employer") at all relevant times, was and is an "employer" within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. Sections 1002(5) and 1145) and was and still is an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185).

11. Upon information and belief, the Employer was and is a for-profit domestic corporation with its principal place of business at 912 College Point Boulevard, College Point, NY 11356, in the County of Queens.

## CAUSES FOR RELIEF
### AS AND FOR A FIRST CLAIM FOR RELIEF

12. The Employer executed an Agreement with the Union and/or was and still is a party to an Agreement with the Union by virtue of membership in an Employer Association.

13. The Agreement and/or Trust Indenture and/or Policy for Collection of Delinquent Contributions (hereinafter referred to as the "Policy") requires the Employer to submit contribution reports setting forth the hours that each of its employees worked and the amount of contributions due pursuant to the rate schedules set forth in the Agreement for all work performed by its employees covered

by the Agreement and to remit such monetary contributions in accordance with the Agreement and the rules and regulations established in the Trust Indenture.

14. Upon information and belief, as a result of work performed by the individual employees of the Employer pursuant to the Agreement there became due and owing to the Funds and Union from the Employer contribution reports, fringe benefit contributions, dues check-off and late charges.

15. The Employer has failed and refused to remit to the Funds and Union those reports and fringe benefit contributions due and owing under the Agreement and in accordance with the Trust Indentures and Policy for the period April 11, 2006 through to and including December 31, 2006 in the minimum amount of $2,617.23.

16. These amounts described in paragraph 15 above are due and owing to the Funds and Union and are based upon an audit that was conducted by Funds' Office.

17. The Employer's failure, refusal or neglect to remit the proper contributions, reports, dues check-off and late charges to the Plaintiffs constitutes a violation of the Agreement between the Employer and the Union wherein the Funds are third party beneficiaries.

18. Pursuant to the Agreement and the Policy leave upon the Employer's failure to timely remit payment of fringe benefit contributions same shall be subject to interest at the rate of 2% above prime per annum and liquidated damages at the rate of 20% of the delinquent contributions. In addition if enforcement or collection procedures shall be commenced against an employer, such employer shall be required to pay the reasonable cost of expenses including attorney's fees and court costs.

19. Accordingly, pursuant to the Agreement the Employer is liable to Plaintiffs the minimum amount of $2,617.23 in unpaid contributions, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements.

## AS AND FOR A SECOND CLAIM FOR RELIEF

20. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "19" of this Complaint as if fully set forth at length herein.

21. Section 515 of ERISA, (29 U.S.C. Section 1145) requires employers to pay fringe benefit contributions in accordance with the terms and conditions of the Agreement and Trust Indentures.

22. The Employer has failed to pay or timely pay the fringe benefit contributions and/or submit the contribution report to Plaintiffs owed as a result of work performed by individual employees of the Employer. Such failure to make timely payment constitutes a violation of Section 515 of ERISA (29 U.S.C. Section 1145).

23. Section 502 of ERISA (29 U.S.C. Section 1132) provides that upon a finding of an employer violation of Section 515 of ERISA (29 U.S.C. Section 1145) which requires employers to pay fringe benefit contributions in accordance with the terms and conditions of collective bargaining agreements, the Court shall award payment to a plaintiff Fund of the unpaid fringe benefit contributions, plus statutory damages and interest on the unpaid principal amount due both computed at a rate set forth in the United States Internal Revenue Code (26 U.S.C. Section 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

24. The failure to pay has injured the Funds by delaying the investment of contributions and causing unnecessary administrative costs for the Funds and has injured the participants and beneficiaries and other contributing employers of the benefit plan in the form of lower benefits and higher contribution amounts.

25. Accordingly, the Employer is liable to Plaintiffs under the Agreement and any Trust Indenture concerning the payment of fringe benefit contributions and late charges and under Sections 502 and 515 of ERISA (29 U.S.C. Sections 1132 and 1145) due to the failure to pay contributions when they are due.

26. Accordingly, the Employer is liable to the Funds and Union in the minimum principal amount of $2,617.23, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements pursuant to Section 502 of ERISA (29 U.S.C. Section 1132).

## AS AND FOR A THIRD CLAIM FOR RELIEF

27. Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "26" of this Complaint as if set forth at length herein.

28. Pursuant to ERISA, the Agreement and/or Trust Indenture, the Employer is required to timely submit current fringe benefit contributions and reports to plaintiffs.

29. Upon information and belief, the Employer has in the past failed to timely submit current fringe benefit contributions, dues check-off and reports to plaintiffs and is in breach of the statutory obligations under ERISA, the Agreement and Trust Indenture.

30. During the course of the instant action, additional contributions and/or delinquency charges may become due and owing. If defendant fails to pay the contributions and/or delinquency charges, as part of this action, at the time of trial or judgment, whichever is later, those additional amounts should be included.

**WHEREFORE**, Plaintiffs respectfully pray for Judgment against Defendant as follows:

On the First and Second Claims for Relief:

> (a) In the minimum sum of $2,617.23 representing benefit fund contributions for the period April 11, 2006 through to and including December 31, 2006, plus interest, liquidated damages, attorneys' fees, auditors' fees, court costs and disbursements all in accordance with the Trade Agreement and the policy for collection of delinquent contributions

On the Third Claim for Relief:

> (b) Damages in the amount of any additional contributions and/or delinquency charges which may become due and owing during the course of the instant action which amount shall include the principal plus interest and liquidated damages.

On all Claims for Relief:

    (c) For such other and further relief as to the Court deems appropriate.

Dated: Elmsford, New York
       July 3, 2007

                                  Respectfully submitted,

                                  BARNES, IACCARINO, VIRGINIA,
                                  AMBINDER & SHEPHERD, PLLC

                                  Dana L. Henke (DLH3025)
                                  Attorneys for Plaintiffs
                                  258 Saw Mill River Road
                                  Elmsford, New York 10523
                                  (914) 592-1515

# EXHIBIT B

# Painting Industry Insurance & Annuity Funds

45 WEST 14TH STREET, NEW YORK, N.Y. 10011                     TEL: (212) 924-2473  FAX: (212) 989-3468

EMPLOYER TRUSTEE
TODD NUGENT
*Co-Chairman*

UNION TRUSTEE
JOSEPH RAMAGLIA
*Co-Chairman*



GREG VAGELATOS
*Fund Administrator*

5 March 2007

Julio Antunez
Joint Venture Finishing Corp
912 College Point Boulevard
College Point NY 11356-1734

Dear Mr Antunez:

Enclosed is a copy of the payroll compliance audit report covering the period April 11, 2006 through December 31, 2006. Based on the report, the following amounts are due:

| Fund | Contribution Due | Interest Due | Liq Damages | Total |
|------|-----------------:|-------------:|------------:|------:|
| Pension | 647.50 | 59.89 | 64.75 | 772.14 |
| Health & Welfare | 897.44 | 83.01 | 89.74 | 1,070.19 |
| Annuity | 582.75 | 53.90 | 58.28 | 694.93 |
| Vacation | 261.59 | 24.20 | 26.16 | 311.95 |
| DC9-JAATF | 45.33 | 4.19 | 4.53 | 54.05 |
| IPF | 24.61 | 2.28 | 2.46 | 29.35 |
| Check-Off | 138.57 | 12.82 | 13.86 | 165.25 |
| IUPAT-JATF | 6.48 | 0.60 | 0.65 | 7.73 |
| LMCF | 6.48 | 0.60 | 0.65 | 7.73 |
| IUPAT – PAT | 6.48 | 0.60 | 0.65 | 7.73 |
| Subtotal | 2,617.23 | 242.09 | 261.73 | 3,121.05 |
| Cost of Audit | | | | 2,050.00 |
| Grand Total | | | | $5,171.05 |

If you disagree with the findings, you must submit your rebuttal, including documentation, in writing to the attention of Josephine VanOrden at this office, by March 26, 2007. Otherwise, please issue a check payable to the "Painting Industry Insurance Fund" in the *grand total* amount set forth above. Be advised as well, that in accordance with the policy for compliance audits, you, the Employer, "shall pay the cost of the payroll audit if the payroll audit results in a finding that the Employer has underpaid, during any 12-month period, an amount equal to or greater than 2% of the Employer's total annual contributions."

Very truly yours,

Greg Vagelatos
Fund Administrator

cc: Fred Moss, Marshall & Moss LLP                     Certified Mail/Return Receipt



District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

**Schedule #1**      Summary of Findings

Employer:       Joint Venture Finishing Corporation
Employer #:     3719
Audit Period:   04/11/06 to 12/31/06

| Trade | Stamp Period | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare | Pension | Annuity | Vacation | DC 9 JAATF | IUPAT FTI | LMCF | IUPAT PAT | IPF | Check-Off |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Painter - Journeyperson | 05/01/06 - 12/31/06 | 129.50 | 20.21 | 2,617.20 | 897.44 | 847.50 | 582.75 | 261.50 | 45.33 | 6.48 | 6.48 | 6.48 | 24.61 | 138.57 |
| Total | 05/01/06 - 12/31/06 | 129.50 | | 2,617.20 | 897.44 | 847.50 | 582.75 | 261.50 | 45.33 | 6.48 | 6.48 | 6.48 | 24.61 | 138.57 |
| Grand Total | | 129.50 | | 2,617.20 | 897.44 | 847.50 | 582.75 | 261.59 | 45.33 | 6.48 | 6.48 | 6.48 | 24.61 | 138.57 |

2/2/2007

District Council No. 9 International Union of Painters
and Allied Trades Fringe Benefit Funds

**Schedule #2    Detail of Findings**

Employer:        Joint Venture Finishing Corporation
Employer #:      3719
Audit Period:    4/11/06 to 12/31/06
Stamp Period:    5/1/06 to 12/31/06

**Painter - Journeyperson**

| Social Security | Employee | Unreported Hours | Total Benefit Rate | Total Deficiency | Health & Welfare $6.93 | Pension $5.90 | Annuity $4.50 | Vacation $2.02 | DC 9 JAATF $0.35 | IUPAT FTI $0.05 | LMCF $0.05 | IUPAT PAT $0.05 | IPF $0.19 | Check-Off $1.07 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 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 | Funes, Delio | 103.50 | $20.21 | $2,091.74 | $717.26 | $517.50 | $465.75 | $209.07 | $36.23 | $5.18 | $5.18 | $5.18 | $19.67 | $110.75 |
| 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 | Harris, Douglas | 19.00 | $20.21 | $383.99 | $131.87 | $95.00 | $85.50 | $38.38 | $6.65 | $0.95 | $0.95 | $0.95 | $3.61 | $20.33 |
| 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 | Ledrick, Azanah | 7.00 | $20.21 | $141.47 | $48.51 | $35.00 | $31.50 | $14.14 | $2.45 | $0.35 | $0.35 | $0.35 | $1.33 | $7.49 |
| **Total** | | 129.50 | | $2,617.20 | $897.44 | $647.50 | $582.75 | $261.59 | $45.33 | $6.48 | $6.48 | $6.48 | $24.61 | $138.57 |

09/05/2007  09:33  2129893468  PIIAF  PAGE  05/09

**Marshall & Moss Payroll Compliance Services, LLC**
**Combined Worksheet**

Name of the Company:  Joint Venture Finishing Corporation
Audit Period:  04/11/06 to 12/31/06

| SSN | Name | year | FIRST STAMP PERIOD | | | SECOND STAMP PERIOD | | | STAMP PERIOD | | |
|-----|------|------|----------|-------------|----------|----------|-------------|----------|-------|--------|----------|
| | | | P/R Hours | Hrs Remitted | DR / (CR) | P/R Hours | Hrs Remitted | DR / (CR) | First | Second | DR / (CR) |
| 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 | Funes    Dalo | 2006 | - | - | - | 778.00 | 674.50 | 103.50 | - | 103.50 | 103.50 |
| 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 | Harris    Douglas | 2006 | - | - | - | 97.00 | 78.00 | 19.00 | - | 19.00 | 19.00 |
| 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 | Ladrick    Azariah | 2006 | - | - | - | 14.00 | 7.00 | 7.00 | - | 7.00 | 7.00 |
| **TOTALS** | | | - | - | - | 889.00 | 759.50 | 129.50 | - | 129.50 | 129.50 |

# EXHIBIT C

# Barnes, Iaccarino, Virginia, Ambinder & Shepherd, PLLC
## ATTORNEYS AT LAW

3 Surrey Lane
Hempstead, New York 11550
(516) 483-2990
Fax: (516) 483-0566

258 Saw Mill River Road
Elmsford, New York 10523
(914) 592-1515
Fax: (914) 592-3213

111 Broadway
Trinity Centre
Suite 1403
New York, New York 10006
(212) 943-9080
Fax: (212) 943-9082

July 12, 2007

CERTIFIED MAIL
Julio Antunez
Joint Venture Finishing/Joint Venture Drywall
912 College Point Boulevard
College Point, NY 11356-1734

Re: District Council 9 Painting Industry Insurance and Annuity Funds

Dear Mr. Antunez:

Please be advised that this office is counsel to the above referenced Funds. Our office has been informed that your Company has failed or refused to return telephone calls and respond to correspondence sent by the Funds' Auditor in order to allow the independent Auditors to review the pertinent books and records of the company in accordance with your Trade Agreement.

Federal law mandates that every Employer who is obligated to remit contributions to an ERISA employee benefit plan shall make said contributions and shall keep accurate records with respect to each of its employees. It is essential that the Trustees of the Funds conduct audits of the contributing Employers to determine each Employer's liability to the Funds and assure the full prompt collection of contributions.

Accordingly, unless satisfactory arrangements are made within seven (7) days of your receipt of this letter to contact the Auditors, **Marshall & Moss at (212) 255-2950 Ext.161** and arrange to have all documents available for inspection, we will have no alternative but to institute appropriate legal proceedings against your company on behalf of the Funds.

In the event legal proceedings are instituted, your company may be liable for the following:

. **INTEREST AT THE RATE OF 2% OVER PRIME**
. **LIQUIDATED DAMAGES AT THE RATE OF 20%**
. **COURT COST AND DISBURSEMENTS**
. **AUDITORS' FEES AND ATTONEYS' FEES**

The Funds are required under ERISA and the Trade Agreement to take these actions.

Thank you for your anticipated cooperation and courtesies.

Very truly yours,

Dawn Stefanik
Paralegal

# Painting Industry Insurance & Annuity Funds

45 West 14th Street, New York, NY 10011-7499                          (Tel)212-255-2950  (Fax)212-989-3468

Employer Trustee                                                                                                     Union Trustee
Todd Nugent                                                                                                          Sandy Vagelatos
Co-Chairman                                                                                                          Co-Chairman

Greg Vagelatos
*Fund Administrator*
12 June 2007

Julio Antunez
Joint Venture Finishing/Joint Venture Drywall
912 College Point Boulevard
College Point NY 11356-1734                                                    Certified Mail/Return Receipt

Dear Mr Antunez:

Pursuant to a decision by the Joint Trade Committee, and in accordance with terms and conditions set out in the Trade Agreements (the "Agreements") between Pearl Associates and District Council # 9 International Union of Painters and Allied Trades, notice is hereby given that District Council No. 9, International Union of Painters and Allied Trades Fringe Benefit Funds ("the Funds") has retained Marshall & Moss Payroll Compliance Services LLP to conduct a payroll compliance audit (the "audit") for the period of January 1, 2007 through the present time. They will contact you by telephone to arrange for an appointment. The purpose of the audit is to determine if the Company has made contributions to the Funds in accordance with its obligation under the Agreement. Please be advised, that once you have made an appointment with the auditors, if you have to change the appointment, a request must be received by the auditors in writing by certified mail five business days in advance of the scheduled appointment. If you do not follow this procedure you will be charged a cancellation fee of $600.

In connection with the audit, the auditors will be requesting access to all necessary books and records of the Company including but not limited to: business income tax returns, general ledger, general journal, books of original entry, subsidiary ledgers, payroll journals and other related payroll records. bank statements and cancelled checks, W-2 and W-3 forms. 940, 941, NYS-45, 1099 forms, current year surety bonds, as well as the same books of any affiliate, subsidiary alter ego or other related company doing bargaining unit work.

It is our obligation to advise you that your failure to permit an audit will result in the immediate commencement of legal proceedings in Federal Court with its attendant costs and additional sanctions.

Please accept my thanks in advance for your anticipated cooperation.

Very truly yours,

Gregory Vagelatos
Fund Administrator

cc: Marshall & Moss Payroll Compliance Services LLC

 

# CALL LOG SHEET

**Name of the Company**      **Julio Antunez**

**Joint Venture Finishing / Joint Venture Drywall**

**912 College Point Blvd**

**College Point, New York 11356-1734**

*718-359-1349*

**TELEPHONE NUMBER** ~~917-231-3621~~ *NOT IN Service*

**FAX NUMBER 718-359-1349**

**CONTACT: Julio Antunez**

Audit Period 1/1/2007 to Present

#3719    Last Audit 12/31/2006

**Telephone No.**

**FAX**

**Date** *6/22/07*    **Time** *11 AM*

**Comments** *917 Telephone number is disconnected.*
*No response.*

**Date** _____    **Time** _____

**Comments** _____